978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward ARTES-ROY; Kristie Artes-Roy; Dianna Artes-Roy, by
Edward Artes-Roy and Kristie Artes-Roy as natural
parents, Plaintiffs-Appellants,
v.
ASPEN, (The) CITY OF, a Colorado, municipal corporation;
Pitkin County, Colorado; Gary Lyman, in his official
capacity as a Building Inspector for the City of Aspen,
Colorado and Pitkin County, Colorado and as CEO of the
Aspen-Pitkin Regional Building Department; Gary Lyman,
individually; Edward M. Caswell, individually; Edward M.
Caswell, in his official capacity as City Attorney and City
Prosecutor for the City of Aspen, Colorado; Roxanne Eflin,
individually; Roxanne Eflin, in her capacity as an employee
of the City of Aspen, Colorado; Elizabeth Paepcke,
individually; Jackie Boughton, individually; Jackie
Boughton, in her capacity as agent for Paepcke; Sandra
Stuller, individually; Sandra Stuller, in her official
capacity as a Special Counsel and Special Prosecutor for the
City of Aspen and agent for Myler, Stuller and Schwartz;
Myler, Stuller and Schwartz; Aspen-Pitkin Regional Building
Department, the; Bill Sterling; Brooke Peterson,
individually; Brooke Peterson, in his official capacity as
a Municipal Judge for the City of Aspen, Colorado; J.E.
Devilbiss, individually; J.E. Devilbiss, in his official
capacity as a State of Colorado District Court Judge,
Defendants-Appellees.
 No. 92-1033.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's (1) denial of their motion for a preliminary injunction, (2) granting of defendant Judge Brooke Peterson's motion to dismiss, and (3) award of attorney's fees against plaintiffs and their attorneys in favor of Judge Peterson. We affirm.
 
 
 2
 Plaintiffs commenced this action in the district court pursuant to 42 U.S.C. §§ 1983 and 1985 against various state and municipal employees, individuals, the City of Aspen, and Pitkin County. The action arises out of plaintiffs' attempts to renovate their former home in Aspen and the alleged interference by defendants, acting under color of state law, with the renovations. Plaintiffs sought damages and injunctive relief from defendants for constitutional violations concerning alleged private meetings to stop the renovations, questionable enforcement of the Aspen building codes and ordinances, illegal searches of their former home, retaliatory actions filed against them in state and municipal courts, and improper issuance of arrest warrants. Plaintiffs sought injunctive relief and damages from Judge Brooke Peterson for actions allegedly taken in the clear absence of all jurisdiction.
 
 
 3
 Judge Peterson filed a motion to dismiss. Plaintiffs filed a motion for a preliminary injunction, seeking an order enjoining defendants from enforcing arrest warrants issued against plaintiffs and enjoining pending state and municipal court proceedings initiated by defendants.
 
 
 4
 After holding a hearing, the district court denied the motion for a preliminary injunction. The district court also granted Judge Peterson's motion to dismiss and imposed attorney's fees against plaintiffs and their attorney. The district court directed entry of final judgment with regard to Judge Peterson pursuant to Fed.R.Civ.P. 54(b).
 
 
 5
 On appeal,[1] plaintiffs first argue that the district court relied upon erroneous findings of fact and conclusions of law in denying a preliminary injunction.[2] Appellate review of an order denying a preliminary injunction is limited to determining whether the district court's action was an abuse of discretion. Otero Sav. & Loan Ass'n v. Federal Reserve Bank, 665 F.2d 275, 276 (10th Cir.1981).
 
 
 6
 In order to obtain a preliminary injunction,
 
 
 7
 "the moving party must establish: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest."
 
 
 8
 Id. at 278 (quoting Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980) (citations omitted)). The district court found that plaintiffs proved none of the four parts. After examining the briefs and Appellants' Appendix and Addendum, we conclude the district court correctly denied a preliminary injunction because plaintiffs did not meet the four-part test.
 
 
 9
 Additionally, plaintiffs argue the district court abused its discretion in denying their motion for a preliminary injunction for two reasons: (1) the district court did not consider plaintiffs' argument that applicable state law is " 'flagrantly and patently violative of express constitutional prohibitions,' " see Younger v. Harris, 401 U.S. 37, 53 (1971) (quoting Watson v. Buck, 313 U.S. 387, 402 (1941)), and (2) the district court failed to consider plaintiffs' claims of retaliation and bad faith. We conclude these arguments are without merit.
 
 
 10
 Plaintiffs argue the district court erred in dismissing their claim against Judge Peterson for injunctive relief, because judges are not immune from injunctive relief. Although it is true that judges are not immune from injunctive relief, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Schepp v. Fremont County, 900 F.2d 1448, 1452 (10th Cir.1990), plaintiffs failed to show that injunctive relief would be appropriate in this case.
 
 
 11
 Plaintiffs next argue that the district court erred in finding that the claims against Judge Peterson were frivolous, without foundation in law, and brought to harass and vex. They maintain the claims for injunctive relief are soundly based in law and the claims for damages were brought with a good faith belief that Judge Peterson acted in the absence of jurisdiction. Thus, plaintiffs contend that the district court abused its discretion in assessing attorney's fees against plaintiffs and their counsel in favor of Judge Peterson pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. After examining the briefs on appeal and Appellants' Appendix and Addendum, we conclude the district court did not abuse its discretion in awarding attorney's fees against plaintiffs and their counsel. See Hughes v. City of Fort Collins, 926 F.2d 986, 988 (10th Cir.1991).
 
 
 12
 Defendants request sanctions, including attorney's fees and double costs, on appeal. Because this appeal is not frivolous, the request is DENIED.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This court dismissed the appeal against defendant Judge J.E. DeVilbiss, pursuant to a stipulation of the parties
 
 
 [2]
 Plaintiffs maintain the district court did not make adequate findings. The findings and conclusions are sufficient